UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO MORRIS,

       Plaintiff,                         CIV. NO. 12-15328

      v.                               HON. TERRENCE G. BERG

                                        HON. R. STEVEN WHALEN

WAYNE ALBRIGHT,

       Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION IN LIMINE (DKT. 34)**

In this case, Plaintiff Lorenzo Morris ("Plaintiff") alleges that his constitutional rights were violated by Defendant Allen Park Police Officer Wayne Albright ("Defendant"), when Defendant allegedly used excessive force while escorting Plaintiff to and from a blood-alcohol test during his detention incident to an arrest for driving while intoxicated. Before the Court is Plaintiff's motion in limine (Dkt. 34). Defendant filed a response (Dkt. 35) and the Court heard oral argument on September 17, 2014. For the reasons stated more fully on the record during the hearing, Plaintiff's motion in limine is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, Plaintiff's motion sought to preclude the following categories of evidence from introduction at trial: (a) Plaintiff's termination from Allied Barton Security in July 2010; (b) Plaintiff's collection of unemployment benefits; (c)

Plaintiff's termination from Osborn Academy; (d) Plaintiff's drinking prior to his motor vehicle accident on December 19, 2009; (e) Plaintiff's prior arrest in Detroit in 1998 for disorderly conduct; (f) Plaintiff's participation in sobriety tests on December 19, 2009; (g) Plaintiff's statements to Defendants that he had not been drinking prior to his motor vehicle accident on December 19, 2009; (h) Allegations that Plaintiff's vehicle was not properly insured at the time of the December 19, 2009 motor vehicle accident; (i) Plaintiff's consumption of alcohol and prescription medications prior to the December 19, 2009 motor vehicle accident; (j) Plaintiff's guilty plea to Operating While Under the Influence of Alcohol stemming from the December 19, 2009 motor vehicle accident; (k) Plaintiff's prior motor vehicle accident in 1997 which occurred while he was employed by the City of Detroit; (l) Plaintiff's termination from Communities-In School; (m)Plaintiff's referral to Michigan Head and Neck Institute by his former attorneys, Romano Law Office; (n) Plaintiff's treatment for alcohol abuse with Professional Psychological Services; (o) Plaintiff's suspended license; (p) Plaintiff's referral to Dr. Firoza Van Horn by his attorney; (q) Plaintiff's treatments for alcohol-related illnesses subsequent to the subject incident; and (r) Plaintiff's relationship with his former girlfriend, Sherry White.

Plaintiff's motion in limine is **DENIED** as to the following categories of evidence: (a) and (b) (on the issue of damages only), (d), (f), (g), (i), (j) (category (j) may be used for impeachment purposes only), (m) and (p). Defendant shall be permitted to attempt to introduce evidence pertaining to these subject areas.

However, as to Plaintiff's referral to the Michigan Head and Neck Institute and to Dr. Firoza Van Horn, This evidence may not be offered for the purpose of discrediting the medical professionals or drawing an inference that there was any wrongdoing resulting from these referrals. But if such evidence exists, Defendant may offer evidence that Plaintiff's attorneys had, in fact, referred Plaintiff to these medical providers.

Plaintiff's motion in limine is **GRANTED** as to the remaining categories of evidence, being: (c), (e), (h), (k), (l), (n), (o), (q) and (r), subject to the following caveats. Plaintiff's prior and subsequent treatment for alcohol abuse (categories (n) & (q)) may become relevant as to damages, and the Court may revisit this ruling during the trial. As to evidence pertaining to Plaintiff's relationship with his former girlfriend (category (r)), Sherry White, Defendant will be permitted to explore the nature of this relationship during cross-examination, only to the extent that the nature of the relationship is raised by Plaintiff if he calls Ms. White in his case in chief.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion in limine (Dkt. 34) is **GRANTED IN PART** and **DENIED IN PART.**

SO ORDERED.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2014

3

**Certificate of Service**

  I hereby certify that this Order was electronically submitted on September 23, 2014, using the CM/ECF system, which will send notification to each party.

          s/A. Chubb
          Case Manager